UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| JARED CULLOP, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) Case No. 2:06-cv-207 |
| v. | ) |
| | ) Judge Mattice |
| LAND RESOURCE COMPANY, LLC, | ) |
| | ) |
| *Defendant.* | ) |

## MEMORANDUM AND ORDER

Plaintiff Jared Cullop brings this action against Defendant Land Resource Company, LLC ("Land Resource"), alleging causes of action for fraud, promissory estoppel, breach of contract, and unjust enrichment.

Before the Court is Defendant Land Resource's Motion to Dismiss, in which Defendant seeks the dismissal of Plaintiff's fraud claim.

For the reasons explained below, Defendant Land Resource's Motion to Dismiss is **GRANTED**.

**I. STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Arrow v.*

*Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). The complaint must contain either "direct or inferential allegations respecting all the material elements to sustain a recovery . . . ." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal quotations and citations omitted). The Court must determine not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In making this determination, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Arrow*, 358 F.3d at 393; *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not accept as true mere legal conclusions or unwarranted factual inferences. *Id.*

**II.    FACTS**

Construing the complaint in the light most favorable to Plaintiff and accepting as true all well-pleaded factual allegations, the relevant facts are as follows.

Defendant Land Resource is a company that engages in the business of developing and selling real property to the general public. (Court Doc. No. 1-3, Am. Compl. ¶ 3.) Land Resource is currently developing several communities in Tennessee. (*Id.*) Plaintiff Cullop is a licensed real estate broker. (*Id.*)

In August 2000, Land Resource aggressively recruited and hired Cullop as a real estate broker to sell lots in Land Resource's various developments. (*Id.* ¶ 4.) At all relevant times, Cullop performed his duties in accordance with Land Resource's policies, procedures, and representations about the various developments and their promised

amenities. (*Id.* ¶ 5.) During his employment, Cullop sold, and Land Resource closed on, multiple lots, and Cullop was paid a six percent commission based on those sales. (*Id.*)

In the fall of 2004, Cullop became aware of certain irregularities in some of Land Resource's business practices, and he questioned those practices. (*Id.* ¶ 6.) Thereafter, Land Resource intentionally and maliciously delayed closings on lots Cullop sold and misrepresented the reason for such delays. (*Id.* ¶¶ 6-7.) No legitimate reason existed for the delays, and Cullop alleges that Land Resource's sole intent in delaying the closings was to avoid paying Cullop a commission on such sales, as it is Land Resource's practice not to pay commissions on closings that occur after a broker's termination for any reason. (*Id.* ¶ 6.) When Cullop protested the delay in the closings, Cullop was fired, effective February 7, 2005. (*Id.*)

## III. ANALYSIS

Defendant contends that Plaintiff's fraud claim must be dismissed because such claim is not pled with sufficient particularity to meet the requirements of Federal Rule of Civil Procedure 9(b), as Plaintiff's complaint fails to allege any specific facts relating to the fraud claim. In response, Plaintiff contends that his allegations that Defendant intentionally, maliciously, and purposely delayed closings on lots Plaintiff sold in order to avoid payment of a commission and that Defendant continually misrepresented to Plaintiff the reasons for the delays in closing are sufficient to meet the requirements of Rule 9(b).

Federal Rule of Civil Procedure 9(b) provides as follows:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

In order to fully understand the requirements of Rule 9(b), one must read Rule 9(b) in harmony with Federal Rule of Civil Procedure 8, which requires that the complaint contain a "short and plain statement of the claim" and "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a), (e); *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006); *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999); *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 679 (6th Cir. 1988). Taking into account the simplicity in pleading required by Rule 8, "the purpose undergirding the particularity requirement of Rule 9(b) is to provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading." *Michaels Bldg. Co.*, 848 F.2d at 679; *see also Advocacy Org.*, 176 F.3d at 322. In order to provide fair notice, the plaintiff must allege, at a minimum, "the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Sanderson*, 447 F.3d at 877 (internal quotation marks and citation omitted); *see also Advocacy Org.*, 176 F.3d at 322. Courts may, however, relax these minimum requirements in a situation in which the relevant information is only within the knowledge of the defendant. *Michaels Bldg. Co.*, 848 F.2d at 680.

In this case, the Court must conclude that Plaintiff has failed to adequately allege the time, place, and content of the alleged misrepresentations at issue. Specifically, the allegations of the complaint do not relate which particular closings were intentionally and maliciously delayed, the content of the misrepresentations that were made with respect to the reasons for the delay, or the date on which such misrepresentations were made. *See*

*Sanderson*, 447 F.3d at 877 (failure to identify any specific claims or the dates on which those claims were submitted); *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 (6th Cir. 2005) (failure to specify the nature of the alleged falsifications); *Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003) (failure to set forth the dates of the violations or any particulars as to the incidents of improper billing); *Northwestern Nat'l Ins. Co. of Milwaukee v. Joslyn*, 53 F.3d 331, 1995 WL 270995, at *3 (6th Cir. May 8, 1995) (failure to set forth the date on which the alleged fraud occurred); *Brightman v. Freeway Assocs.*, 940 F.2d 658, 1991 WL 151057, at *2 (6th Cir. Aug. 8, 1991) (failure to set forth the dates of the misrepresentation). This is not a situation in which the relevant information is only within the knowledge of Defendant, so Plaintiff was required to include in his complaint allegations of sufficient particularity with respect to the time, place, and content of the misrepresentations. Because Plaintiff failed to do so, Plaintiff's fraud claim is subject to dismissal.

Accordingly, the Court concludes that Plaintiff's fraud claim is not pled with sufficient particularity to withstand Defendant's Motion to Dismiss. As a result, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's fraud claim is **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

For the reasons explained above, Defendant Land Resource Company, LLC's Motion to Dismiss [Court Doc. No. 6] is **GRANTED**, and Plaintiff's fraud claim is **DISMISSED WITH PREJUDICE**. Plaintiff's other claims remain pending.

SO ORDERED this 6th day of February, 2007.

                                                *s/ Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE