UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| JARED CULLOP | ) | |
|---|---|---|
| *Plaintiff,* | ) | |
| | ) | Case No. 2:06-cv-207 |
| v. | ) | Judge Mattice |
| | ) | |
| LAND RESOURCE COMPANY, LLC, | ) | |
| | ) | |
| *Defendant.* | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant's Motion to Dismiss [Court Doc. 30] for Failure to Prosecute, or in the Alternative, for Failure to Failure to Comply with Discovery Order. Defendant seeks dismissal of Plaintiff's action pursuant to Federal Rules of Civil Procedure 37 and 41(b).

On November 21, 2007, Magistrate Judge Dennis H. Inman entered an order [Court Doc. No. 28] requiring Plaintiff to fully answer Defendant's First Set of Interrogatories and Requests for Production of Documents by November 30, 2007. Magistrate Judge Inman's order notified Plaintiff of the possible sanction of dismissal for failure to comply with the order. Plaintiff has yet to file the required responses.

Defendant filed the instant Motion to Dismiss [Court Doc. 30] on December 6, 2007 after Plaintiff failed to respond to Magistrate Judge Inman's Order. Plaintiff has failed to respond to Defendant's Motion to Dismiss.

Federal Rule of Civil Procedure 37(b)(2)(C) provides that a court may dismiss an action where "a party fails to obey an order to provide or permit discovery . . . ." Fed. R. Civ. P. 37. Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an

action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court . . . ." The Sixth Circuit considers four factors when reviewing a district court's dismissal under either Rule 37(b) or Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.* Accordingly, the Court will consider these four factors in making its determination whether to dismiss Plaintiff's complaint.

With respect to the first factor, the party seeking to avoid sanctions has the burden of showing that the failure to comply was due to inability rather than willfulness or bad faith. *Id.* In the case at bar, Plaintiff has made no such showing regarding his failure to comply with Magistrate Judge Inman's Order. Accordingly, the Court concludes that Plaintiff's failure to comply was due to willfulness or bad faith.

With respect to the second factor, an adversary is prejudiced when the dismissed party's failure to comply prevents such adversary from complying with a discovery order, scheduling depositions, or conducting further discovery. *Bryant v. U.S. ex rel. U.S. Postal Serv.*, 166 F. App'x 207, 211, 2006 WL 305661, at *3 (6th Cir. Feb. 9, 2006); *Reyes*, 307 F.3d at 458. In the case at bar, Plaintiff's failure to prosecute prevented Defendant from complying with the Court's November 20, 2007 deadline for filing final witness lists, the December 4, 2007 discovery deadline, as well as the December 18, 2007 dispositive

motion deadline.[1] Defendant has also been unable to schedule Plaintiff's deposition due to Plaintiff's failure to respond. The Court find that Defendant has been prejudiced by Plaintiff's failure to comply.

With respect to the third factor, Magistrate Judge Inman warned Plaintiff in his November 21, 2007, order that his failure to comply with the order "could result in the dismissal of his case." [Court Doc. No. 28.] Thus, Plaintiff was adequately warned that his failure to cooperate could result in the dismissal of his case.

With respect to the fourth factor, Plaintiff has chosen not to prosecute his complaint and to absent himself from these proceedings. The record shows that Plaintiff's attorney filed a Motion to Withdraw because "Plaintiff has not kept in contact with his counsel which has made cooperation in discovery in this case and the prosecution of this case impossible." (Court Doc. 21.) Magistrate Judge Inman granted the motion and gave the Plaintiff thirty days to obtain new counsel or it would be presumed that Plaintiff was proceeding *pro se*. (Court Doc. 22.) The record does not indicate any further action taken by Plaintiff: he did not respond to Magistrate Judge Inman's Order regarding his representation; he did not respond to Defendant's Motion to Compel, nor did he comply with the order granting such motion; he did not respond to Defendant's motion to dismiss for failure to prosecute. The Court finds that dismissal is the only proper and effective sanction.

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss for Failure to Prosecute or, In the Alternative, for Failure to Comply with Discovery Order [Court Doc. No.

---

[1] Magistrate Judge Inman entered an Order on November 21, 2007 extending these deadlines in consideration of the instant motion. [Court Doc. 29.]

30], and Plaintiff's complaint is **DISMISSED WITH PREJUDICE** pursuant to Federal Rules of Civil Procedure 37 and 41(b). Defendant is entitled to recover from Plaintiff its costs of this action.

The Clerk shall close the file in this case.

SO ORDERED this 16th day of January, 2008.

*/s/Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE
